UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                              **MEMORANDUM OPINION
AND ORDER**
Crim. No. 14-157 (01) (MJD)

Ronald Richard Shankey,

    Defendant.

_____

Laura M. Provinzino, Assistant United States Attorney, Counsel for

Plaintiff.

Defendant, *Pro Se*.

_____

This matter is before the Court on Defendant's Motions for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 30 and 33]

## I.    Background

On June 19, 2014, Defendant pleaded guilty to Count 1 of the Information which charged Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On May 5, 2015, Defendant was sentenced to 168 months imprisonment, to be followed by life-time supervised release. This sentence was ordered to run concurrent to the sentence imposed in the

1

supervised release revocation in 14-cr-58 (ADM).  Defendant did not appeal his sentence and has filed no other post-judgment motions.  He is scheduled to be released on January 4, 2027.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere

2

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" to include the medical condition of the Defendant, age of the Defendant, family circumstances or other extraordinary and compelling reasons.

Defendant submitted a request for compassionate release to the Warden on October 8, 2020.  (Doc. No. 30-1 at 2.)  The request was denied on October 15, 2020.  (Id. at 3.)  As Defendant has exhausted his administrative remedies, the Court will proceed to address the merits of his motion.

### III.   Discussion

Defendant argues there are extraordinary and compelling reasons that warrant relief under § 3582(c)(1)(A) as the sentence in this case and the revocation sentence in 14-cr-58 violates the Double Jeopardy Clause.  Defendant

---

have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

further argues that his civil rights were violated by the requirement that he register as a sex offender and participate in an intrusive treatment program.

The arguments raised by Defendant are in fact legal challenges to his conviction and sentence that should have been raised in a motion under 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"A federal inmate generally must challenge a sentence through a § 2255 motion and a post-judgment motion that fits the description of a motion to vacate, set aside or correct a sentence should be treated as a § 2255 motion." United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (internal citation omitted) (finding that defendant could not raise challenge to his career offender status in a motion under § 3582).  Motions under § 2255 must be brought within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  In this case, judgment was entered on July 8, 2015 and

Defendant did not appeal his sentence.  Accordingly, the time has long passed for Defendant to bring a timely petition under § 2255.

Defendant has cited no authority that would allow him to circumvent the requirements set forth in § 2255 by recharacterizing his arguments as "extraordinary and compelling" under § 3582(c)(1)(A).

Because Defendant has not raised any other arguments that can be properly construed in a motion under § 3582, the Court finds Defendant has failed to demonstrate there are extraordinary and compelling reasons that warrant relief.

Regardless, to be entitled to a sentence reduction under § 3582, Defendant must also demonstrate that he is not a danger to the community.  The offense of conviction in this case involved the possession of over 400 images and 9 video files that included sadistic and masochistic acts against children.  This offense conduct occurred on or about March 12, 2014, which was less than three months after he had been released from a 108 month prison sentence imposed in the Western District of Wisconsin on a conviction for possession of child pornography.  Then, in October 2020, while serving his sentence in this case, Defendant admitted to requesting images of children through the mail and was

sanctioned. (Gov't Ex. 1.) Thus, the Court finds there is reason to believe Defendant would continue his criminal conduct if released, which would pose a danger to the community.

Finally, the Court finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a). A sentence reduction would not reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motions For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. Nos. 30 and 33] are **DENIED**.

Date: March 26, 2021

s/Michael J. Davis<br>Michael J. Davis<br>United States District Court